IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-350-M

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on the pro se plaintiff's request for entry default [DE-15] and the defendant's motion for extension of time to answer or respond to the complaint [DE-22]. For the reasons set forth below, the plaintiff's request [DE-15] is DENIED and the defendant's motion [DE-22] is GRANTED.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that as of the date of his filing of the request for entry of default, defendant had failed to file an answer or otherwise appear in this action in this court. Plaintiff has not, however, shown by affidavit or otherwise that defendant was properly served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure at the time he filed his request for entry of default.

As the presiding judge has already explained, Rule 4(i) governs service of process on the United States. See April 7, 2022 Order [DE-14] at pp. 1-2. That rule provides:

(1) United States. To serve the United States, a party must:
    (A)(i) deliver a copy of the summons and of the complaint to the United
    States attorney for the district where the action is brought-or to an assistant

> United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i). As of the date plaintiff filed the request—April 8, 2022—plaintiff had not yet submitted proposed summons for the United States Attorney for the Eastern District of North Carolina. See April 7, 2022 Order [DE-14] at 2 (observing that plaintiff has failed to prepare summons for the United States attorney and permitting him to do so on or before April 21, 2022). Plaintiff submitted proposed summons on April 11, 2022 [DE-16] and on April 13, 2022, the court directed the clerk to arrange service with the United States Marshal. The clerk issued the summons that same day [DE-18]. On May 12, 2022, the return of service was submitted by the Marshal [DE-20] showing that the United States Attorney for the Eastern District of North Carolina was served on May 9, 2022.

Under Federal Rule of Civil Procedure 12(a), defendant had 60 days from May 9, 2022 within which to respond to the complaint. Consequently, plaintiff's request for entry of default was premature. Defendant has since moved for an extension of time to answer or otherwise respond to the complaint [DE-22]. For good cause shown, the motion is GRANTED, and defendant has up to and including August 8, 2022, within which to answer or otherwise respond to the Complaint. Plaintiff's request for entry of default [DE-15] is DENIED.

SO ORDERED. This the __11__ day of July, 2022.

Peter A. Moore, Jr.
Clerk of Court